CURTIS *v.* HITCHINGS.

1. HUSBAND AND WIFE—GIFTS—EVIDENCE ESTABLISHED COMPLETED GIFT OF BONDS.

Where a husband, through correspondence with a bank, bought bonds which he stated were for his wife, her name was indorsed on the envelopes containing them, part of them in his handwriting, and at his direction the bonds were forwarded to her, there was a completed gift to her, and it is immaterial that he later took possession of the bonds, deposited them in a bank with direction that they be surrendered only to him or his representatives, and that he collected the interest on them.

2. EXECUTORS AND ADMINISTRATORS—GIFT TO WIFE OF BONDS—HUSBAND AND WIFE.

On appeal from a decree establishing that all of the bonds which came into the hands of the executor of the husband's estate belonged to the widow, the decree is affirmed as to those bonds of which there is proof that they were given to her, but as to others, of which there is no such proof, it is reversed.

Appeal from Emmet; Barton (Joseph), J., presid-

As to whether proof of delivery essential to a gift may rest on subsequent declarations of donor alone, see annotation in L. R. A. 1916E, 288; 12 R. C. L. 971; 2 R. C. L. Supp. 1520; 4 R. C. L. Supp. 781; 5 R. C. L. Supp. 667.

ing. Submitted April 26, 1928. (Docket No. 173, Calendar No. 33,614.) Decided June 4, 1928.

Bill by Chalmers Curtis, executor of the will of Augustus F. Melching, deceased, against Augusta Hitchings and others to determine the ownership of certain bonds. Freda Melching filed a cross-bill to establish her ownership of the bonds. From a decree for cross-plaintiff, defendants appeal. Modified and affirmed.

*Ernest C. Smith,* for appellants.

*B. H. Halstead,* for appellee.

CLARK, J. Plaintiff, executor of the will of Augustus F. Melching, has in possession bonds in the aggregate of $20,500. Defendant Mrs. Freda Melching, testator's widow, contends that she owns the bonds. The other defendants, children of the testator by a former marriage, insist that the bonds belonged to the testator and should pass under his will. Plaintiff by the bill seeks determination of the controversy. The decree is that the widow owns the bonds. The other defendants have appealed.

The question is whether Mr. Melching gave the bonds or any of them to his wife. A savings account in the name of Mrs. Melching was opened in a local bank in which account funds of Mr. Melching were deposited from time to time. He made withdrawals from the account frequently and at will, sometimes transferring sums to his commercial account. The keeping of this account was a matter of convenience. Neither the husband nor the wife treated the funds in the account as belonging to the wife, as having been given to her. There was not a gift of these funds to the wife, and that the bonds in whole or in part were purchased by use of such funds is a matter of small importance here.

Mr. Melching bought through a bank in Chicago for his wife bonds in the total amount of $12,500. The correspondence states that he bought them for her. The envelopes containing the bonds were indorsed "Property of Mrs. Freda Melching." On at least a part of the envelopes the indorsement was written by Mr. Melching. At his direction these bonds were actually forwarded to Mrs. Melching. There was a completed gift of these bonds to her and she is entitled to have them. That Mr. Melching later took possession of the bonds and deposited them in a bank with direction that they be surrendered only to him or his representatives did not destroy the gift. Nor do we find that the evidence of gift is overcome by the fact that Mrs. Melching permitted the husband to collect for them interest on the bonds.

Mr. Melching also bought through a local bank bonds in the aggregate of $8,000; the evidence does not show a gift of these bonds to the wife, and they should pass under the will.

The decree will be modified accordingly, and, so modified, is affirmed, with costs to appellants against Freda Melching.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.